is Henry Michael Calabrese. Good afternoon, Your Honors. If it pleases the Court, my name is Nicholas Herron from the Law Office, Seymour Wasserstrom, on behalf of the debtor appellant, Michael Calabrese, in the case of Barr. At this time, I'd like to respectfully ask for three minutes for rebuttal. Mr. Herron, help me understand your argument. Would you agree that the funds that your client had, the funds, disputed funds that are in the bankrupt's estate, were being held in trust rather than in his hands? Yes, absolutely. I would agree that the funds that were supposed to be turned over to the state, or to the state rather, for the sales and usage tax were held in trust. So he had no legal right to those funds? Absolutely not. Okay. So that even though he had no legal right to those funds and they were held in trust for someone else, somehow he can have the benefit of them and they inured to his bankrupt's estate when he filed for bankruptcy. Help me. I can't get across that bridge. Maybe you can get me across those waters. Absolutely. I can't get across there. It goes really toward the legislative history when the Bankruptcy Act of 1978 was created. Well, you cite two cases, lower court cases, in terms of legislative history. One court, Boyd, cites, and it's got to be the weakest kind of legislative history there is. He cites the statements of Senator, he or she, I'm not sure who the judge was, cites the statements of Senator DeConcini on the floor of the Senate. And you draw from that legislative history. I have to tell you, I was in a moot court one time with someone who drafted the Superfund legislation. During the course of that argument, one of the students argued a statement that this person had made on the floor of the House to argue that was legislative history. And when we go back to grade the students, he says quite candidly, only reason he made that statement was he had a very large campaign contributor who wasn't going to like the way he was going to vote on that bill. So he made that statement to kind of toss him a bone and allow him to argue, well, look, I did the best I could. But statements of one senator, especially when it's not the sponsoring senator or the offering senator, are probably not worth the paper they're written on. And the other court relying upon TAP relies upon, and correct me if I'm wrong, the 1978 version of the House, the House 1978 version of the bill that was passed before the Senate changed the bill. That's your legislative history. And every appellate court that has looked at this case has said, to no one's great surprise, perhaps except to your client, that if you hold funds in trust, it's not your money. All of that is true. You're correct, with the exception that the statements made by the senator were not the view of one man. They were the view of a joint committee that was created for the resolution of conflicts between the House's version of 507A8C&E and the Senate's version of 507A8C&E. Well, that's helpful. That's helpful. But, again, going back to the issue that Your Honor raised, it really centers around the legislative history. Yes, the Trapp and Boyd case really discussed the House's version of the section that was created that later became the excise tax. But the reason for that is because the House's version wished to broaden the scope of a fresh start to small business owners and debtors, if you will, that once they filed for bankruptcy, they would receive this discharge. In the committee reports for the House, they indicate that it was unfair that a corporate entity could file for bankruptcy, dissolve, and any tax liabilities that remain outstanding remain outstanding. But for a small business owner, if he were to personally file for bankruptcy, that baggage would follow him through the bankruptcy. There would be no discharge. There would be no fresh start. Therefore, in order for us to give him the benefit of the fresh start, let us look and craft an exception from this withholding provision that was part of the statute of 1966, these excise taxes, that if they were to be withheld, there is a time limit for the taxing authority to basically assert its rights and collect upon it. Because in continuing in these reports, the House is very concerned that the taxing authority basically didn't want to give them the opportunity to sit there on their hands and allow these taxes to accrue over time and not assert its rights and attempt to collect upon it. Yeah, but that's – you're making kind of a laches argument. And it seems to me if that's what the law is, then – excuse me – again, scrupulous vendor or business person can collect gazillions of dollars in sales taxes, time the bankruptcy in such a way – never give them to the state, and then time and just squirrel them away in a Swiss account somewhere, and then file for bankruptcy and its discharge is wiped out. Under that scenario, you're right, but the House report speaks to that because they say by giving the three-year limit, we're basically forcing the state to act upon the delinquency. And in this House's version, if we look at the history of 507A8E and the excise tax, what the House is attempting to do is also not only limit the excise to one year actually when it was in its original form, but also the other withholding taxes such as wages and income tax and Social Security tax to two years. The Senate, on the other hand, when it was crafting its version, crafted it based upon what was already in existence. That is, all taxes would be dischargeable older than three years with the exception of withholding tax. But in the reports for the Senate, it also stipulated that a part of this would include an excise portion. That is, the merchant collecting taxes on the benefit and on behalf of the state. He would be a part of this. Now, because there was differences between the Senate's version and the House's version, there had to be a joint committee. And we have to look at this in the context of how this was created. The Bankruptcy Act of 1978 was created through a very long and difficult process. This is all bankruptcy. Absolutely. Very long and very difficult. And the problem came about that in order to pass the law in its current form, they would have to basically resolve all the differences, but time ran out. So they couldn't formulate regular joint committees. So what they decided to do was basically create an ad hoc committee that would hash out the differences, determine what would basically be the resolution for both of these differences. And in this joint committee, we have the appointment of Representative Edwards for the House of Representatives and Senator Dicocchini from the Senate basically speaking on behalf of both chambers to basically give an overview to each chamber. And what you're relying on in that report is the omission of language that appeared in the Senate report. Not only that, also, yes, fundamentally you're right, Your Honor, the omission of the language, but also going to if we look at it from a whole, each side really got what they wanted. The Senate got the withholding tax extended to non-destructibility regardless of time. As the House conceded, okay, fine, we wanted it to extinguish within two years, but we'll give you the non-destructibility to withholdings for income, Social Security tax, and what have you. Non-destructible, we won't put a time limit on it. But the House got something, too. The House got their excise portion. Their excise portion, not from one year, but to three years. So looking at it in the context of the resolution, we can see that both chambers got something from this bill. But that doesn't answer our question. Why shouldn't we just say the statutory language doesn't answer the question, the legislative history doesn't answer the question? This is one of these very few cases in this very code-driven world in which we live, where this Court just ought to pick the more equitable rule. Absolutely not, because, Judge, if you look at the Supreme Court's case in Howard, it basically outlines the parameters of which a court is to construe priorities. If there's any hesitation or any doubt as to whether or not to grant a claim a priority, the doubt should go in favor of the debtor. Well, but we know this is a priority claim because it's either a priority under the excise tax provision or a priority under the trust fund tax provision. Absolutely. So priority is off the table because both of them involve priorities. Yes, you're right. Priority is off the table. The question is amount, because if we grant priority for the full sales and usage taxes for all years, then the amount to be paid is larger, of course, than if we were fining it under an excise tax. But if it's not the bankrupt's money, why should that rule that you've just, I think, correctly argued to us, why should it even apply? If it's someone's own funds, it seems to me it makes sense to have that kind of presumption because it goes to allowing the person to start anew. But if it's not even the person's money, if the person only has it because they didn't comply with the legal obligation to give it to somebody else, why should that same rule apply? Because it would apply because, again, the legislative history of the House of what it was trying to achieve in granting small business debtors that fresh start. That is why it should apply. The House understood it. Fresh start with someone else's money. Absolutely. The House understood that. They fundamentally felt that giving, basically, a corporate entity the benefit of bankruptcy and dissolving, tax liabilities would remain outstanding, but another corporate entity can arise from those ashes and still the tax obligation would remain outstanding. A small business debtor doesn't get that benefit. That baggage would follow them through the full duration of the bankruptcy. Therefore, it only makes sense and it's only equitable from the House's perspective to give them and enlarge that fresh start by saying, okay, we understand this money isn't yours, but we're going to impose upon the state the obligation to say, you know what, you need to come forward and you need to assert your rights. You can't just sit there and wait forever to assert your rights. What if he hadn't filed for bankruptcy? What if the state, they just waited five or six years or so, the debtor did not file for bankruptcy. Instead of that, he started investing in cars, so he bought a few Lexuses. What is it for a Lexus? Lexus, Lexi. He bought more than one Lexus. He bought a couple of old antique Rolls Royces, house in the Bahamas, because the money from his perspective, hey, the state had three years and they didn't get, they didn't come after me, so under the legal doctrine known as tough darts, it's now my money and I'm going to just invest it on myself. That would be perfectly okay according to you. No, not at all, because your hypothetical puts in a stipulation he didn't file bankruptcy. Therefore, the state has the remedies afforded under state law. If the state wishes to go after him for the monies that are owed, it is free to do so without the burdens of the bankruptcy under your hypothetical, because he's not under bankruptcy. The moment he asserts himself in bankruptcy, then that time limitation would apply. Money then becomes his. I'm sorry, Your Honor? The money then becomes his the moment he files for bankruptcy. It's not necessarily the money becomes his. It's that the state loses its opportunity to recoup the money it had an opportunity before to recoup. Sounds to me like it's the money becomes his. It's like adverse possession where you cut off someone else's money. But they'll still have a few years from the date of filing bankruptcy. I'm sorry, Your Honor? The state will still have a few years to chase him from the date he files bankruptcy. Absolutely. So there is still opportunity there. The clock starts ticking when he files bankruptcy. Yes. But nevertheless, don't you have to concede that the rule that you're proposing to us is a temptation to unscrupulous businesses to pocket that money and do the kinds of things the Chief Judge suggested with it and just hope the state doesn't get you? Catch me if you can within three years. I see that my time is up. Let me answer your question. Yes. But again, the House makes very clear that that is a possibility. But here, again, we're flipping over and we're giving the burden now on the state to basically act upon those liabilities within a reasonable time frame.  Thank you, Your Honors. Thank you. You're going to have to help me with your name. Is it Chawala? Chawala. Say it again, please. Chawala. Chawala. Okay. Thank you. Good afternoon, Your Honors. May it please the Court, my name is Ramanjit Chawala. I represent the Director, Division of Taxation, State of New Jersey. The issue in this case is whether sales taxes held in trust are non-dischargeable regardless of age. The debtor, the appellant in this case, Michael Calabrese, he owes sales taxes that he collected, withheld, and did not remit. His argument basically is, hey, the state, get the lead out. You want this money, you got three years to get it, you don't come and get it, tough dirt. And that is an incorrect assertion, Your Honor, as Your Honor correctly stated, that money is not his. That is, the bankruptcy court is not designed to unjustly enrich a retailer with customers' funds. This is third-party money, this is the consumer's funds, and it doesn't become his. It's conversion at that point. And as Your Honor said – Why does that apply in any bankruptcy case? So if somebody's underwater, it necessarily means that they've taken in money from some sources, and they're not paying out what's owed to other sources. That's the nature of bankruptcy. Someone's getting shafted, in other words. Right. Your Honor, that is not the nature of bankruptcy. In this case, I understand the concept of fresh start, but it's not fresh start with somebody else's money. This was money. He was a trustee for the state. The court is designed to forgive a debt that the company accrued for itself. You can't use third-party funds. You can't use consumers' money that you're holding in trust. That was not his to begin with. And for him to get a discharge of this nature that the appellant seeks in this case would be an incentive for every failing retailer to default on their obligations. All right. Let's assume that's a good policy argument. Before you get to the policy argument, you've got to make an argument under the language of the statute. Right. And I don't see anything in the trust fund priority provision to show that this falls within that. I think the plain meaning of the statute is very clear, Your Honor. It fits. The 523A1A says taxes that fall within 507A8C are non-dischargeable. 507A8C says taxes that are required to be collected and withheld by the debtor in whatever capacity. It has the word required. It has the word collected and withheld. And every court, Your Honor, I shouldn't say every court, but the majority of the courts and our three circuit courts, DiChiaro, Second Circuit, Rosner, Seventh Circuit, and Andre Schenck, Ninth Circuit, they have all held that sales taxes that are held in trust by the retailer are not subject to discharge. With the exception of Alaska and Ohio. And that's why I said not all.  were after the Boyd and Tapp cases. And, Your Honor, they've all addressed it. And they said, one, it is respectfully inarticulate. It does not distinguish between the two kinds of sales taxes that we have. There are two kinds of sales taxes. One is that the seller remits directly to the state. And the second one is the one that we have here, Your Honor, which is the one that taxes that he is holding in trust for the state. And, Your Honor, for the appellant to make an argument that the state is waiting forever, Your Honor, the record in this case shows and all the returns that were filed by the debtor in this case showed it is his, he self-reported the taxes and he did not pay it. He paid a dollar or he paid zero. So he knew it. The audit was very, very fair. And even at the audit, the taxpayer conceded. He's saying, yeah, this is what my liability is. And, Your Honor, for him to now come and say I can fund my bankruptcy with consumer funds, it is, it would lead to an egregious result, Your Honor. It's very unfair. How do you deal with the fact that the Senate report had treated the third-party sales taxes as trust fund taxes? And that's accurate, Your Honor. That's what the Senate report said, but that's not what the legislation says and that's not what the joint statement says. So why shouldn't we infer, as Judge Reinhart wrote in his dissenting opinion, that that omission demonstrates that the Senate didn't get what it wanted in that legislation? And you know what? Your Honor makes a great point, but that was addressed by the court in Schenck. They did address the dissent and they properly distinguished it and they dismissed that thought because the House had a version and the Senate had a version. The court, as was enacted, was a Senate version which said, no, we go to the prior bankruptcy act and we say in line with the predecessor of 507 was 17A1E, which said that sales taxes, the taxes that had to be collected and withheld and the employer withholding taxes both were trust funds. But the majority in Schenck, the majority in dissent in Schenck agreed that the language is unclear. You're telling us the language is clear. I mean, even the courts that have gone your way have said the language is unclear. Your Honor, if we read 507A8C, it falls within the language required to be collected and withheld. It does fall. It does. The way it reads, it falls. Quote that language and show us. It is 507A8C provides priority status to a tax required to be collected or withheld for which the debtor is liable in whatever capacity. That is the language of 507A8C. And that is what we have, Your Honor. I understand. The only reason that the courts have even spoken about the ambiguity is because E, subsection E, has the word sales tax in it, and that's where I am pointing out, Your Honor, that there are two types of sales taxes. One sales tax that are remitted directly by the retailer and one that he holds in trust. And all the circuit courts of appeals, all three of them, said this is not, the one that is held in trust is clearly not the sales tax that is dischargeable, and that is not subject to temporal limitation and that is non-dischargeable. What about the joint statement's definition of trust fund taxes? Your Honor, I would say that provides an example of the trust fund, which is the employer withholding. But we have the Second Circuit in G.S. Sciaro saying the remarks do not provide a sufficient basis for holding that excise tax provision was intended to carve out an exception to the trust fund tax provision. And what is very important, Your Honor, what is very, it's an important way to look at the joint statement. Your Honor, if the joint statement had any impact, the code would have been changed. The court still provides. There is no amendment to the act. The way the Act of 1798 adopted the Senate version, and as all the other courts have reasoned and held, that these are taxes that are trust fund in nature and are not dischargeable. So clearly the joint statement, and even our Supreme Court in Beagar has said, has reviewed pre-legislation law along with the House, Senate, and the joint statements to determine, and as Your Honor correctly said, that one statement is not equal to legislative history. That is what the appellant is trying to do here, Your Honor. We really have to see it in a totality. We have to see the pre-legislation law, the act as it was adopted, along with the joint statement. And that is the reason, as Your Honor correctly pointed out right now, that the courts did say that there is an overlap and there is a little ambiguity because of that. That was lent by the joint statement, but we can't see it in and on by itself. We have to see it in a totality. And based on the totality – And why isn't the totality confusion? Because – And it devolves to us to pick the equitable rule. And the equitable rule here, Your Honor, is – I know what you think the equitable rule is. Right. I'm asking you whether – what your view is as to whether the proper result in this case is to just sort of humbly acknowledge that the text is unclear, doesn't answer the question, the legislative history is going in different directions. So it's our job just to pick the best rule. Your Honor, the division's position is that the text is clear. All the circuit courts of appeals have reasoned it, really delved into the legislative history, all three, DiCiaro, Rosenow, and Schenkel. Which means the text isn't clear. They don't get to legislative history if the text is clear. Because – and even the last sentence in the DiCiaro opinion, I think, is I understand that the joint statements – but then they say the joint statement is not meant to carve out an exception for the trust fund provision. So that's how they answer the question, Your Honor. And I would urge this court to follow the circuit – the other circuits, and based on the public policy considerations that we just said, that this is not his money. He cannot be funding his bankruptcy with money that he's holding in trust with the state. So, Your Honor, the – Here in the donut shop when he had $56,000 in sales tax, is there that much money in donuts? Your Honor, if you see the – I've actually gone and looked at every sales and use return that he has filed for every quarter, Your Honor, with the division. And the, for instance, gross receipts for one quarter, if I may, is – This is in the record. It's the coffee. Don't they make the money on the coffee? They make – It's not the donut. The donut's just the inducement to get people to buy the caffeine, isn't that it? Right. And it is – and, Your Honor, it's bagel, cream cheese, coffee, sandwiches. That is the nature. And for appellant to not come and say these are excise taxes is really off the charts, because for New Jersey, Your Honor, you really have to register to be subject to excise tax also. They eat more donuts in Jersey than we do over here. So, Your Honor, the gross receipts for every quarter are huge. And he got a big deduction for every quarter. And the taxpayer himself has reported taxable portion for every quarter. For instance, for one quarter, I can say it was $3,800. The amount remitted is zero. And that's how it starts. And the tax period at issue is 2003 to 2009. And this was a – and for the retailer then to come and say that this should be – he should be allowed to pocket this money is unjust. So from 2003 to 2009, the reported taxes were next to zero or $1? The reported taxes were a lot. They were like to the point of $3,800, $3,900. I can actually – I have a few returns with me. But the paid – then the retailer then pays, remits the taxes. And he remits close to zero or $1. So why would the state let a taxpayer do that for so many years without cracking down on it? Your Honor, we have actively been collecting on this. We've tried collection. An R.P. was sent out. We have done – the division has not sat on this case. There was an active audit. The state was actively trying to collect the money from this debtor. So – and for the debtor to then say that this is the money that is – that money in bankruptcy becomes his money is not correct. That's not the – what bankruptcy is. It's theft is what you want to say. Pardon? It's theft is what you want to say. It's theft, exactly. I'm using the word conversion, but yes. Thank you, Your Honor. Thank you, Your Honors. Your Honors, our focus on the issue of policy. And while the issue of policy is of great concern for the court, it is not the rule of law to be applied in determining how to afford a claim. Priority status. You're absolutely right about that. But there is the canon of statutory construction that would tell us that Congress did not presume – I think technically it's an absurd, but we could say clearly inequitable result. Now, you can argue about whether it's equitable or not. But to the extent that a policy would come out – a rule of law would come out of your argument that would create a policy that would seem to suggest Congress could not have intended that, to that extent it may be helpful if there's an ambiguity in the statute. But you're absolutely right in what you're saying. Well, absolutely. And then if the end result is a policy argument or harsh result for state entities, then it can petition Congress to perhaps revise a law to better afford a protection. But I believe – I mean, if this court actually looks at – there's actually a very great decision written by a bankruptcy judge in Rimonaco, which is cited in our reply brief from the Northern District of New York. And in Rimonaco, it breaks down wonderfully how the Bankruptcy Act of 1978 came about, the differences between the House and the Senate version, and ultimately it reviews the holding in Rezno and comes to the conclusion that while that argument that is theft is a valid argument and concern, ultimately what came out of the resolution was to attempt to give the small business debtor a fresh start. So while we understand the policy concern,  to that small business debtor. But you concede that your argument is not that you went on the plain text of the statute. It's that we have to drill down a legislative history, and that's where you win the battle. Absolutely. Is that your argument? Absolutely, because as you pointed out, every circuit that's looked at this issue has had to have delved into the legislative history because the text just doesn't offer the courts really meaningful understanding of what Congress intended. And your best answer to the legislative history winning the day for your client is that the language in the Senate report which would dictate a result for the state here was omitted from the joint statement. That is correct. That and what came about from the joint resolution is not supported by the Senate report committee because, again, it wasn't that provision from the Senate that was passed by the House. It was through resolution through conflict. And, therefore, we respectfully pray that the Court overturn the lower court's decision. Thank you, Your Honors. Thank you. I'll take a matter under advisement. At least I have not seen either of you before. Really well argued, both sides. I hope to get you back here one day. You did a good job, both of you. Thank you. I'll take the matter under advisement. The next matter is…